UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

JENNIFER PATRICIA MULLER,  No. 15-10055 ta7

    Debtor.

RON G. BUSTOS and
BUSTOS, LLC.,

    Plaintiffs,

v.  Adv. No. 15-01031 t

JENNIFER PATRICIA MULLER,

    Defendant.

### **MEMORANDUM OPINION**

Before the Court is Defendant's motion for judgment on the pleadings on Counts I and II of Plaintiffs' complaint. For the reasons set forth below, the Court will deny the motion.

    I.    RULE 12(c) STANDARDS

The Motion is brought under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(c). Rule 12(c) provides: "After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings."

Rule 12(c) is designed to provide a means of disposing of cases when the material facts are not in dispute. *See Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 54 (3rd Cir. 1994) ("Under Rule 12(c), we will not grant judgment on the pleadings unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.") (internal quotation marks omitted); *Park Univ. Enters., Inc. v. Am.*

*Cas. Co. of Reading, Pa.*., 442 F.3d 1239, 1244 (10th Cir. 2006) abrogated on other grounds by *Magnus, Inc. v. Diamond State Ins. Co.*, 545 Fed. Appx. 750, 753 (10th Cir. 2013) (a "[j]udgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'"); *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000) ("Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice."). *See generally Selman v. Delta Airlines*, No. CIV 07-1059 JB/WDS 2008 WL 6022017, at *7 (D.N.M. 2008) (thorough discussion of general Rule 12(c) principles).

The same standards that govern a motion to dismiss under Rule 12(b)(6) also govern a motion for judgment on the pleadings under Rule 12(c). *See Atl. Richfield Co. v. Farm Credit Bank of Witchita*, 226 F.3d 1138, 1160 (10th Cir. 2000). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *Hous. Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991), cert denied, 504 U.S. 912 (1992).

Courts ruling on Rule 12(c) motions should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enters., Inc.*, 442 F.3d at 1244. The court must view the facts presented in the pleadings,

and draw the inferences therefrom, in the light most favorable to the nonmoving party. *See Ramirez*, 192 F.R.D. at 304; *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000); *Freeman v. Dep't of Corr.*, 949 F.2d 360, 361 (10th Cir. 1991).

II. COUNT I - § 523(a)(2)(A)[1]

A. Relevant Allegations.

For the purposes of ruling on the motion to dismiss Count I, the Court will assume the following allegations in the complaint are true:

Plaintiffs are judgment creditors of the Defendant pursuant to summary judgment entered in Case No. D-202-CV-201307657, Second Judicial District Court, Bernalillo County, New Mexico.

Summary judgment was entered concerning a Settlement Agreement and General Release, dated September 15, 2011 (the "Settlement Agreement") executed in part by Defendant and Plaintiffs. The Settlement Agreement resolved a prior lawsuit between the parties, *Ron G. Bustos v. Jennifer P. Muller*, Case No. CV-2207-00313, Second Judicial District Court, Bernalillo County, New Mexico.

Under the Settlement Agreement, Defendant was to pay Plaintiffs $50,000 in two installments. The first installment payment of $30,000 was due within 30 days of the execution of the Settlement Agreement. The second installment of $20,000 was due within six months of the execution of the Settlement Agreement. If the second installment payment was not made within six months, Defendant was to pay Plaintiffs an additional $5,000 no later than seven months after the execution of the Settlement Agreement.

---

[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

Defendant did not make any payments under the Settlement Agreement. This failure resulted in the entry of summary judgment against her.

At her deposition, Defendant testified that when she signed the Settlement Agreement she did not have the money to make the first installment payment. Defendant's plan to raise the money for the first installment payment was to buy one or more houses in the Albuquerque area, remodel them, and then re-sell them at a profit. Debtor also testified that if she was successful in finding and acquiring an investment property, she would consider applying for a construction loan and use the loan proceeds to make the first installment payment.

B.  Discussion.

Section 523(a)(2)(A) excepts from a debtor's general discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by - false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

To establish a claim for false representation, false pretenses, or actual fraud under § 523(a)(2)(A) "the claimant must prove by a preponderance of the evidence that: 1) the debtor made a false representation [or in the case of a false pretense, an implied misrepresentation meant to create or foster a false impression]; 2) with the intent to deceive the creditor; 3) the creditor relied on the false representation; 4) the creditor's reliance was [justifiable]; and 5) the creditor was damaged as a result." *Bank of Cordell v. Sturgeon (In re Sturgeon)*, 496 B.R. 215, 222 (10th Cir. BAP 2013). *See also Sierra Chems., L.C. v. Mosley (In re Mosley)*, No. 12-1166-J 2012 WL5193956 at *5 (Bankr. D.N.M. 2012).

Like any fraud complaint, a complaint under § 523(a)(2)(A) must "'set forth the time, place and contents of the false representation, the identity of the party making the false

statements and the consequences thereof.'" *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991). *See also* Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.").

"Unlike false representations, which are express misrepresentations, false pretenses include conduct and material omissions." *In re Sturgeon*, 496 B.R. at 223. False pretenses can be defined as "'any series of events, when considered collectively, that create a contrived and misleading understanding of a transaction, in which a creditor is wrongfully induced to extend money or property to the debtor.'" *Id.,* quoting *Stevens v. Antonious (In re Antonious)*, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006).[2]

        1.    <u>False representation</u>. Defendant argues that she never made any representations of fact to Plaintiffs, and in particular that signing the Settlement Agreement did not constitute a representation of fact. That is not correct; signing the Settlement Agreement was an implied representation that she had the ability and intent to pay as agreed. *See, e.g., AT&T Universal Card Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 415-16 (5th Cir. 2001) (use of credit card may establish implied promise to pay); *In re Cai*, 2012 WL 1588834, at *3 (9th Cir. BAP 2012) (placing an order for goods constitutes an implied representation of intent to pay for the goods). Plaintiffs' allegations, which include a reference to the signed Settlement Agreement (attached to the Complaint) are sufficient to meet the false representation element of

---

[2] Tenth Circuit case law recognizes "actual fraud" as a cognizable claim under § 523(a)(2)(A), which is "when a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right." *Diamond v. Vickery (In re Vickery)*, 488 B.R. 680, 690 (10th Cir. BAP 2013) (internal citations omitted). A claim for actual fraud must be pleaded with specificity under Rule 9(b), Fed. R. Civ. P. *See In re Mosley*, 2012 WL 5193956, at *6.

-5-

§ 523(a)(2)(A).

    2. <u>Intent to deceive</u>. "Intent to deceive under [§ 523(a)(2)(A) ] may be inferred from the totality of the circumstances, and includes reckless disregard of the truth. Moreover, the scienter requirement may be established by material omissions." *Columbia State Bank v. Daviscourt (In re Daviscourt)*, 353 B.R. 674, 685 (10th Cir. BAP 2006). *See also Copper v. Lemke (In re Lemke)*, 423 B.R. 917, 922 (10th Cir. BAP 2010) (intent to deceive may be inferred from the totality of the circumstances). Plaintiffs argue Defendant never intended to pay when she signed the Settlement Agreement. Plaintiffs' Complaint describes Defendant's deposition testimony that she did not have the funds to pay at the time she signed, and her alleged plan to "flip" a house or take out a construction loan to get the funds. Defendant's lack of funds and the speculative nature of her plan to obtain funds may not in themselves demonstrate an intent to deceive, but based on the totality of the circumstances standard, the Plaintiffs' allegations plausibly plead this element and raise issues of fact that remain in dispute.

    3. <u>Reliance</u>. To be actionable, the false representation, false pretense, or actual fraud must have been relied upon. In assessing the creditor's reliance, "[t]he appropriate standard is not 'reasonableness' in the sense of whether an objectively reasonable person would have relied upon the debtor's false representation." *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 791 (10th Cir. 2009) (citing *Field v. Mans*, 516 U.S. 59, 74–75 (1995)). Instead, the Court must inquire into "whether the actual creditor's reliance was 'justifiable' from a subjective standpoint." *Id.* Plaintiffs allege that in reliance on Defendant's promise to pay in the Settlement Agreement, they dismissed claims against two other defendants. Reliance on a representation is justifiable if no "red flags" arise demonstrating further investigation is necessary. *See Colorado East Bank & Trust v. McCarthy (In re McCarthy)*, 421 B.R. 550, 562

(Bankr. D. Colo. 2009). Plaintiffs have pled facts supporting their reliance on the Defendant's promise and that such reliance was justifiable.

4. <u>Damages</u>. To proceed under § 523(a)(2)(A), Plaintiffs must allege that they suffered damages. Here, Plaintiffs allege that by entering the Settlement Agreement they lost out on the opportunity to recover from other defendants, all claims against whom were dismissed with prejudice. The allegations in the Complaint sufficiently plead the element of damages.

### III. COUNT II - § 727(a)(6)

A. <u>Allegations</u>.

For the purposes of ruling on the motion to dismiss Count II, the Court will assume the following allegations in the Complaint are true:

On February 24, 2015, Defendant was ordered by this Court to appear for a Rule 2004 examination by Plaintiffs and to produce certain documents.

Defendant's initial production of documents was incomplete. She did not produce all paychecks for her employment with Atencion Family Services.

At her deposition, Defendant testified she would produce all paycheck stubs as requested.

Defendant produced only two pages of her 2012 federal income tax return and only three pages of her 2013 federal income tax return. She did not produce any state income tax returns. At her deposition, Defendant testified that she had complete sets of tax returns for 2012 and 2013.

Defendant did not produce all monthly bank statements issued during the two years prior to the filing of her bankruptcy petition, and the statements that were produced had missing pages. Defendant testified she only produced bank statements that were in her physical possession. She

took the position that her duty to produce documents was limited to documents in her possession. Plaintiffs assert that her duty extended to asking the bank for any missing statements.

B.　Discussion.

To prevail on a claim under § 727(a)(6), a plaintiff "must prove . . . that '1) the Court issued an order directed at the debtor; 2) the order was lawful; 3) the order was not one requiring a response to a material question or to testify; and 4) the debtor refused to obey the order.'" *United States Trustee v. Standiferd (In re Standiferd)*, No. 07-1076 2008 WL 5273690 at *9 (Bankr. D.N.M. 2008) (quoting *Gillman v. Green (In re Green)*, 335 B.R. 181, 183 (Bankr. D. Utah 2005)).

> Refusal to obey under 11 U.S.C. § 727(a)(6) requires "more than a mere failure to obey a lawful court order." *Green,* 335 B.R. at 184. Some degree of willfulness or volition on the part of the debtor not to obey the order must be present. *Id.* For this reason, inability to comply with the terms of an order can negate a claim under 11 U.S.C. § 727(a)(6). *See Morris v. Wright (In re Wright)*, 371 B.R. 472, 480 (Bankr. D. Kan. 2007) ("A debtor's inability to comply with the order, inadvertence, mistake, or impossibility will ordinarily be insufficient to revoke a debtor's discharge."). The party seeking a denial of discharge under 11 U.S .C. § 727(a)(6) must first demonstrate that the debtor received the order and failed to comply with its terms. *Jordan*, 521 F.3d at 433 (citations omitted). The debtor must then explain his or her reason for noncompliance. *Id.*

Plaintiffs' complaint alleges that the Defendant was ordered to appear for a Rule 2004 examination and produce certain documents. There is no question that an order for a debtor to appear for a Rule 2004 examination is a lawful order when entered by a bankruptcy court. As Plaintiffs allege, the order required the Defendant to appear and to produce documents, not to testify or respond to a material question. Whether or not the Defendant refused to obey the order is a question of fact. Plaintiffs also argue that Defendant is required to produce documents not just in her physical possession, but which she has the authority to obtain. The Court may have to take evidence on this issue.

Overall, Count II appears to be a weak claim,[3] but strong enough to survive a Rule 12(c) motion

IV. CONCLUSION

Counts I and II state claims upon which relief may be granted. Defendant has not succeeded in demonstrating that there are no issues of material fact remaining to be resolved. Defendant is not entitled to judgment as a matter of law. The Court will enter a separate order denying the motion.

_____
Honorable David T. Thuma
United States Bankruptcy Judge

Entered: July 13, 2015

Copies to:

Jason Michael Wexler
1212 Pennsylvania NE
Albuquerque, NM 87110

Michael K. Daniels
P.O. Box 1640
Albuquerque, NM 87103

---

[3] Denial of a discharge is a severe sanction for failing to produce documents such as the ones at issue here. Plaintiffs will have to carry a heavy burden to show that such a sanction is warranted in this case. They should be given that chance, however.